IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>COREY SADDLER,<br><br>Defendant. | CR 18-13-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Corey Saddler (Saddler) has been accused of violating the conditions of his supervised release. Saddler admitted alleged violations 1, 5, 7, 8, 9 and 10. Saddler denied alleged violations 2, 3, 4 and 6. The government failed to satisfy its burden of proof with respect to alleged violations 2, 3 and 4. The Court dismissed alleged violation 6 on the government's motion. Saddler's supervised release should be revoked. Saddler should be placed in custody for 4 months, with 20 months of supervised release to follow. Saddler should serve the first 60 days of supervised release in an inpatient drug treatment facility, such as Alternatives, Inc. in Billings, Montana. Saddler should serve the next 180 days of supervised release in a residential re-entry center. Saddler should be prohibited

from gambling and entering gambling casinos while on supervised release.

## II. Status

Saddler pleaded guilty to Aiding and Abetting an Assault Resulting in Serious Bodily Injury on April 3, 2018. (Doc. 31). The Court sentenced Saddler to 29 months of custody, followed by 2 years of supervised release. (Doc. 48). Saddler's current term of supervised release began on December 23, 2019. (Doc. 61 at 1).

**Petition**

The United States Probation Office filed an Amended Petition on January 7, 2021, requesting that the Court revoke Saddler's supervised release. (Doc. 61). The Amended Petition alleged that Saddler had violated the conditions of his supervised release: 1) by using methamphetamine on five separate occasions; 2) by using spice on three separate occasions; 3) by failing to notify his probation officer of a contact with law enforcement; and 4) by failing to answer the questions of his probation officer truthfully.

**Initial appearance**

Saddler appeared before the undersigned for his initial appearance on January 26, 2021. Saddler was represented by counsel. Saddler stated that he had read the petition and that he understood the allegations. Saddler waived his right

to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on January 26, 2021. Saddler admitted that he had violated the conditions of his supervised release: 1) by using methamphetamine on two separate occasions; 2) by using spice on three separate occasions; and 3) by failing to answer the questions of his probation officer truthfully. The violations are serious and warrant revocation of Saddler's supervised release.

Saddler's violations are Grade C violations. Saddler's criminal history category is I. Saddler's underlying offense is a Class C felony. Saddler could be incarcerated for up to 24 months. Saddler could be ordered to remain on supervised release for up to 24 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III. Analysis

Saddler's supervised release should be revoked. Saddler should be placed in custody for 4 months, with 20 months of supervised release to follow. This sentence is sufficient but not greater than necessary. Saddler should serve the first 60 days of supervised release in an inpatient drug treatment facility, such as

Alternatives, Inc. in Billings, Montana. Saddler should serve the next 180 days of supervised release in a residential re-entry center. Saddler should be prohibited from gambling and entering gambling casinos while on supervised release.

## IV. Conclusion

The Court informed Saddler that the above sentence would be recommended to United States District Judge Brian Morris. The Court also informed Saddler of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Saddler that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> That Corey Saddler violated the conditions of his supervised release: by using methamphetamine on two separate occasions; by using spice on three separate occasions; and by failing to answer the questions of his probation officer truthfully.

The Court **RECOMMENDS:**

> That the District Court revoke Saddler's supervised release and commit Saddler to the custody of the United States Bureau of Prisons for 4 months, with 20 months of supervised release to follow. Saddler should serve the first 60 days of supervised release in an inpatient drug treatment facility, such as Alternatives, Inc. in Billings, Montana. Saddler should serve the next 180 days of supervised release in a residential re-entry center. Saddler should be prohibited from gambling and entering gambling casinos while on supervised release.

4

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 27th day of January, 2021.

John Johnston
United States Magistrate Judge