IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>COREY SADDLER,<br><br>Defendant. | CR 18-13-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Corey Saddler (Saddler) has been accused of violating the conditions of his supervised release. Saddler admitted all of the alleged violations, except alleged violation 6. The Court dismissed alleged violation 6 on the government's motion. Saddler's supervised release should be revoked. Saddler should be placed in custody for 9 months, with no supervised release to follow. Saddler should serve his term of custody at FCI Sandstone in Sandstone, Minnesota.

## II. Status

Saddler pleaded guilty to Aiding and Abetting an Assault Resulting in Serious Bodily Injury on April 3, 2018. (Doc. 31). The Court sentenced Saddler

to 29 months of custody, followed by 2 years of supervised release. (Doc. 48). Saddler's current term of supervised release began on January 13, 2023. (Doc. 112 at 2).

**Petition**

The United States Probation Office filed a Petition on March 8, 2023, requesting that the Court revoke Saddler's supervised release. (Doc. 112). The Petition alleged that Saddler had violated the conditions of his supervised release: 1) by failing to notify his probation officer of a change in residence; 2) by using marijuana on four separate occasions; 3) by using methamphetamine on two separate occasions; 4) by committing another crime; and 5) by failing to complete his 120-day term at the Great Falls Residential Re-Entry Center.

**Initial appearance**

Saddler appeared before the undersigned for his initial appearance on March 21, 2023. Saddler was represented by counsel. Saddler stated that he had read the petition and that he understood the allegations. Saddler waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on March 21, 2023. Saddler

admitted that he had violated the conditions of his supervised release: 1) by failing to notify his probation officer of a change in residence; 2) by using marijuana on four separate occasions; 3) by using methamphetamine on two separate occasions; and 4) by failing to complete his 120-day term at the Great Falls Residential Re-Entry Center. The Court dismissed alleged violation 6 on the government's motion. The violations that Saddler admitted are serious and warrant revocation of Saddler's supervised release.

Saddler's violations are Grade C violations. Saddler's criminal history category is I. Saddler's underlying offense is a Class C felony. Saddler could be incarcerated for up to 24 months. Saddler could be ordered to remain on supervised release for up to 14 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III. Analysis

Saddler's supervised release should be revoked. Saddler should be placed in custody for 9 months, with no supervised release to follow. This sentence is sufficient but not greater than necessary. Saddler should serve his term of custody at FCI Sandstone in Sandstone, Minnesota.

## IV. Conclusion

The Court informed Saddler that the above sentence would be recommended to Chief United States District Judge Brian Morris. The Court also informed Saddler of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Saddler that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Saddler stated that he wished to waive his right to object to these Findings and Recommendations, and that he wished to waive his right to allocute before Judge Morris.

The Court **FINDS:**

> That Corey Saddler violated the conditions of his supervised release: by failing to notify his probation officer of a change in residence; by using marijuana on four separate occasions; by using methamphetamine on two separate occasions; and by failing to complete his 120-day term at the Great Falls Residential Re-Entry Center.

The Court **RECOMMENDS:**

> That the District Court revoke Saddler's supervised release and commit Saddler to the custody of the United States Bureau of Prisons for 9 months, with no supervised release to follow. Saddler should serve his term of custody at FCI Sandstone in Sandstone, Minnesota.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 22nd day of March, 2023.

John Johnston
United States Magistrate Judge